# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 § 1782 §§§§§§ | Case No. 4:25-mc-01950 Hon. Judge Drew B. Tipton |
| OVIK MKRTCHYAN, §§§ | |
| Petitioner, §§ | |
| v. §§ | |
| STRAIFE, LLC; HYPERFOCAL COMMUNICATIONS, LLC, JOSEPH P. FLEMING §§§§ | |
| Respondents. §§ | |

**RESPONSES AND OBJECTIONS TO PETITIONER OVIK MKRTCHYAN'S**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO**
**PERMIT INSPECTION OF PREMISES TO RESPONDENT JOSEPH P. FLEMING**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and any applicable

Local Rules of the United States District Court for the Southern District of Texas, Respondent

Joseph Patrick Fleming ("Respondent"), through the undersigned counsel, hereby responds and

objects to the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of

Premises issued pursuant to 28 U.S.C. § 1782 ("Subpoena").

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

In providing Objections and Responses to the Subpoena, Respondent does not in any way

waive or intend to waive, but rather intends to preserve and is preserving:

1

1.      All objections as to competency, relevance, materiality and admissibility of Petitioner's Subpoena, Respondent's Objections and Responses thereto, and their subject matter, in any proceeding, including Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025.

2.      All rights to object on any available ground to the use of the requested information or subject matter at any proceeding, including Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025, or in any other action or proceeding.

3.      All rights to object on any available ground to any further interrogatory, request for production, deposition question, or any other discovery request involving or relating to the subject matter of the Requests for Production in this Subpoena.

4.      Any and all privileges or rights under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable statutes, rules, orders, or the common law.

5.      Respondent does not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization that is contained in this Subpoena. No Response or Objection made herein, or lack thereof, should be deemed to be an admission by Respondent as to the accuracy or truth of any "fact" that is either asserted or assumed by any Request in the Subpoena. No factual predicate for any Request propounded in the Subpoena is admitted.

6.      Respondent objects to producing any documents, communications, or information, protected by the attorney-client privilege, work-product doctrine, common interest/joint defense privilege, or any other applicable legal protection. To the extent any such privileged or protected

2

information is inadvertently disclosed or produced, such disclosure shall not constitute or be deemed a waiver of any privilege or protection, either as to the specific information disclosed or as to any related subject matter, in this proceeding, any other federal or state proceeding, or proceeding in a foreign jurisdiction.   If Respondent discovers that privileged or protected information has been inadvertently disclosed, Respondent will promptly notify the receiving party and request the return or destruction of such information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).   Upon such notification, the receiving party shall promptly return or destroy the specified information and all copies, and shall not use or disclose the information unless permitted to do so by order of this Court.

7.    Respondent objects to the production of any documents or electronically stored information unless such production adheres to the conditions set forth in an appropriate Protective Order entered in this proceeding, which will be intended to safeguard confidential, proprietary, or sensitive information, including information protected by the attorney-client privilege, work-product doctrine, common interest/joint defense privilege, or any other applicable protection. To the extent Respondent agrees to produce documents responsive to any Request in this Subpoena, Respondent will defer producing responsive documents until the parties have met and conferred to negotiate a mutually acceptable Protective Order.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Respondent objects to the definition of "You" and "Your" to the extent it treats Joseph Fleming, Straife LLC ("Straife"), and Hyperfocal Communications LLC ("Hyperfocal") (collectively, the "Subpoena Recipients") as interchangeable and contends that documents in the possession, custody, or control of any one Subpoena Recipient are in the possession, custody, or control of all three Subpoena Recipients.   To the extent Respondent produces any documents in

3

response to any Request in this Subpoena, such production will consist of responsive, non-privileged documents within Respondent's possession, custody and control that are not subject to any of Respondent's objections thereto.  Respondent further objects to the extent the Definition purports to define documents in the possession of Straife or Hyperfocal "partners, agents, officers, directors, employees, shareholders, affiliates, or representatives, and any other Persons acting or purporting to act on behalf of [Straife and Hyperfocal]" to be within Respondent Fleming's possession, custody and control.  All Subpoena Recipients further object to the Definition's inclusion of any individuals formerly associated with either Straife or Hyperfocal as falling within the possession, custody, or control of any of the Subpoena Recipients.  All Subpoena Recipients further object to the Definition's purported inclusion of documents in the possession of "agents," "representatives," "affiliates," "directors," "shareholders," "partners," or "any other Persons acting or purporting to act on behalf of [the Subpoena Recipients]" as being within any of the Subpoena Recipients' possession, custody or control, or purports to impose an obligation on the Subpoena Recipients to obtain documents in the possession of such individuals to respond to this Subpoena. To the extent the Definition purports to impose an obligation on Respondent to obtain documents from third parties, it is unduly burdensome, not proportionate to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and seeks to impose obligations beyond what is required under the Federal Rules.

2.    Respondent objects to Instruction No. 4's instruction to produce documents in "Your" possession, custody, or control for the same reasons stated in Respondent's Objection to the definition of "You" and "Your" above.  Respondent further objects to the Instruction's direction to produce documents in the possession, custody or control of "present or former agents, representatives, external consultants, and attorneys," because such documents are not in

4

Respondent's possession, custody or control, and because this Instruction purports to impose obligations on Respondent to obtain documents from third-parties that is unduly burdensome, not proportionate to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and beyond the scope of discovery permitted under the Federal Rules. Respondent further objects to the instruction to provide information about documents that are no longer in Respondent's possession, custody, or control, because this aspect of the Instruction seeks information not required to be provided by the Federal Rules of Civil Procedure, is unduly burdensome and calls for the provision of information not within Respondent's personal knowledge.

3. Respondent objects to Instruction No. 9 to the extent it calls for information that is no longer within Respondent's possession, custody and control and is not within Respondent's personal knowledge as seeking information not required under the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1.** All Documents and Communications that relate to the Report, the Letter, or any part of their content. This includes, but is not limited to (a) any drafts; (b) Communications about final or draft versions; (c) Documents and Communications regarding any of the content or subject matter of the Report or Letter; (d) Communications about that content or subject matter with alleged sources of information for it (including but not limited to the "sources" identified throughout the Report and the "former U.S. law enforcement and intelligence community experts" identified in the Letter); and (e) Documents and Communications about decisions to include allegations regarding each entity named in the Report or Letter, including Petitioner, Komil Allamjonov, Uktam Aripov, Corey Lewandowski, Dmitry Li, Akmal Mamarkhimov, Stephen Payne, Rick Perry, Mike Pompeo, and Worldwide Strategic Partners.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation. Petitioner's U.K. claims involve

5

pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated below, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondents' objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that relate to" the Report and Letter that were allegedly sent to Uzbekistan's Ambassador to the United States, without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and

6

speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are not supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

Respondent further objects that subpart (e) of the Request is additionally overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks documents and communications about statements in the Report and Letter concerning numerous individuals other

than Petitioner, and Petitioner has not articulated any basis to pursue claims for libel on the basis of statements concerning individuals other than the Petitioner.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 2.** All Documents and Communications that refer to or relate to Petitioner, Gor Investment Limited, or Uktam Aripov. This specifically includes, without limitation, any other reports or letters about them, and any Communications about them within or among Respondents or with United Cement Group, Denis Trusevich, Ulugbek Shadmanov, Stephen Akard, Stephen Payne, Logan Somera, Linden Energy, Linden Strategies, American LNG Services, Linden Energy Holdings, Linden Government Solutions, Team Eagle LLC, Bose McKinney & Evans LLP, Bose Public Affairs Group LLC, or their respective officers, directors, agents, employees, or representatives.

**RESPONSE**:

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated below, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's

8

possession, custody and control located after a reasonable search and subject to Respondent's objections. But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K. Instead, it seeks "All Documents and Communications that refer to or relate to Petitioner, Gor Investment Limited, or Uktam Aripov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are not supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5,

Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

Respondent further objects that the Request is additionally overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks communications with numerous individuals—United Cement Group, Denis Trusevich, Ulugbek Shadmanov, Stephen Akard, Stephen Payne, Logan Somera, Linden Energy, Linden Strategies, American LNG Services, Linden Energy Holdings, Linden Government Solutions, Team Eagle LLC, Bose McKinney & Evans LLP, Bose Public Affairs Group LLC—many of whom appear to be United States Persons, and without any articulation of any nexus between such Persons and the U.K.

For the reasons stated in these Objections, Respondent will not produce documents responsive to this Request.

**Request No. 3.** All Documents and Communications exchanged with, or relating to, *The London Post*, 2Trom Media Group, Viktor Tokarev, Moscow Media Group, Radha Sterling, IPEX (Interpol and Extradition) Reform, Detained in Dubai, Due Process International, Kristian Lasslett, Thomas Rowley, or any officers, directors, employees, agents, or representatives of these organizations or individuals, that relate to: Petitioner, Gor Investment Limited, Uktam Aripov, Ulugbek Shadmanov, United Cement Group, or their respective officers, directors, employees, agents, or representatives.

**RESPONSE**:

Respondent will produce non-privileged, responsive documents within Respondent's possession, custody or control, subject to agreement on a Protective Order concerning documents produced in this matter, and will endeavor in good faith to make its production by April 20, 2026.

**Request No. 4.**  All Documents and Communications that relate to any articles, blog posts, online content, web sites, letters, investigation summaries, or reports regarding Petitioner, Uktam Aripov, or Gor Investment Limited, including but not limited to any efforts to get such items published, posted, or otherwise disseminated.

**RESPONSE:**

Respondent objects that the Request for "any" articles, blog posts, online content, websites, letters, investigation summaries, or reports—including historical content generated prior to any alleged misconduct involving Respondent, and without any nexus to any actual or attempted publication of such material in the U.K. or by the U.K. Libel Defendants—is vague, overbroad, unduly burdensome, and not proportional to the needs of the case, and seeks information that is not relevant to the claims in the U.K. litigation.  Respondent will construe this request as seeking Documents and Communications relating to any involvement by Respondents in the publication or attempted publication of articles, blog posts, or online content in the U.K. regarding Petitioner, Gor Investment Limited, or Uktam Aripov.  Respondent further objects to the Request for production of Documents and Communications that relate to "letters, investigation summaries, or reports," including the Report and Letter, for the same reasons stated in Respondent's Objection to Request No. 1, and will not produce documents or communications in response to this Request relating to the Report or Letter, or to any other letters, investigation summaries, or reports, that were not disseminated to publications or publishers in the U.K.

Subject to the foregoing objections, Respondent will produce non-privileged, responsive documents within Respondent's possession, custody or control, subject to agreement on a

11

Protective Order concerning documents produced in this matter, and will endeavor in good faith to make its production by April 20, 2026

**Request No. 5.**  All Documents and Communications that refer to or relate to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondents' objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate

12

to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any alleged conduct occurring within the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States.  Neither these "contemplated" claims nor the instant Request are not supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts.  *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation.  Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K.  *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025.  Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 6.**  All Documents and Communications related to (a) any monetary compensation or payments of anything of value (including but not limited to cryptocurrency) offered to, promised to, or received by You or any other person or entity for activities that relate to Petitioner, Gor Investment Limited, or Uktam Aripov, or (b) any contracts or agreements with anyone that encompass activities related to Petitioner, Gor Investment Limited, or Uktam Aripov.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign." ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov,

14

an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondent's objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications related to" any alleged contracts, agreements, or compensation entered into or received by Respondent "that encompass activities related to Petitioner, Gor Investment Limited, or Uktam Aripov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any conduct occurring in or directed at the U.K.  Nor is the request limited to contracts, agreements, or compensation entered into with, or received from, Persons located in the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States.  Neither these "contemplated" claims nor the instant Request are not supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts.  *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

15

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 7.** All Documents and Communications that refer to or relate to United Cement Group or Ulugbek Shadmanov. This specifically includes, but not limited to, Documents and Communications that show when Respondents began working for, with, or for the benefit of United Cement Group or Shadmanov, the circumstances under which Respondents began doing so, the nature of this work, and the content of and participants in any communications related to the commencement or execution of this work, including but not limited to communications with Alisher Kadirov about this topic.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation. Petitioner's U.K. claims involve

16

pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondent's objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate to United Cement Group or Ulugbek Shadmanov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any alleged conduct occurring within the U.K. or individuals allegedly located within the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and

17

speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are not supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

18

DATED: March 19, 2026

Respectfully submitted,

**STEPTOE LLP**

*/s/ Craig Smyser*
Craig Smyser
Attorney-in-Charge
State Bar No. 18777575
SDTX Bar No. 848

David Isaak
State Bar No. 24012887
SDTX Bar No. 26694

Rachael Cox
State Bar No. 24137347
SDTX Bar No. 3881153

717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone: 713.221.2330
Facsimile: 713.221.2320
csmyser@steptoe.com
disaak@steptoe.com
rcox@steptoe.com

*Attorneys for Respondent Joseph P. Fleming*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2026, the foregoing document was served via electronic mail on all counsel of record in this action.

*/s/ Craig Smyser*
Craig Smyser

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 § 1782 | § § § § § § § | Case No. 4:25-mc-01950 Hon. Judge Drew B. Tipton |
| OVIK MKRTCHYAN, | § § § | |
| Petitioner, | § § | |
| v. | § § | |
| STRAIFE, LLC; HYPERFOCAL COMMUNICATIONS, LLC, JOSEPH P. FLEMING | § § § § | |
| Respondents. | § § § | |

**RESPONSES AND OBJECTIONS TO PETITIONER OVIK MKRTCHYAN'S**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR**
**OBJECTS  OR TO PERMIT INSPECTION OF PREMISES**
**TO RESPONDENT HYPERFOCAL COMMUNICATIONS, LLC**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and any applicable Local Rules of the United States District Court for the Southern District of Texas, Respondent Hyperfocal Communications, LLC ("Respondent"), through the undersigned counsel, hereby responds and objects to the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises issued pursuant to 28 U.S.C. § 1782 ("Subpoena").

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

In providing Objections and Responses to the Subpoena, Respondent does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

1

1.      All objections as to competency, relevance, materiality and admissibility of Petitioner's Subpoena, Respondent's Objections and Responses thereto, and their subject matter, in any proceeding, including Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025.

2.      All rights to object on any available ground to the use of the requested information or subject matter at any proceeding, including Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025, or in any other action or proceeding.

3.      All rights to object on any available ground to any further interrogatory, request for production, deposition question, or any other discovery request involving or relating to the subject matter of the Requests for Production in this Subpoena.

4.      Any and all privileges or rights under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable statutes, rules, orders, or the common law.

5.      Respondent does not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization that is contained in this Subpoena. No Response or Objection made herein, or lack thereof, should be deemed to be an admission by Respondent as to the accuracy or truth of any "fact" that is either asserted or assumed by any Request in the Subpoena. No factual predicate for any Request propounded in the Subpoena is admitted.

6.      Respondent objects to producing any documents, communications, or information, protected by the attorney-client privilege, work-product doctrine, common interest/joint defense privilege, or any other applicable legal protection. To the extent any such privileged or protected

2

information is inadvertently disclosed or produced, such disclosure shall not constitute or be deemed a waiver of any privilege or protection, either as to the specific information disclosed or as to any related subject matter, in this proceeding, any other federal or state proceeding, or proceeding in a foreign jurisdiction.  If Respondent discovers that privileged or protected information has been inadvertently disclosed, Respondent will promptly notify the receiving party and request the return or destruction of such information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Upon such notification, the receiving party shall promptly return or destroy the specified information and all copies, and shall not use or disclose the information unless permitted to do so by order of this Court.

7.    Respondent objects to the production of any documents or electronically stored information unless such production adheres to the conditions set forth in an appropriate Protective Order entered in this proceeding, which will be intended to safeguard confidential, proprietary, or sensitive information, including information protected by the attorney-client privilege, work-product doctrine, common interest/joint defense privilege, or any other applicable protection. To the extent Respondent agrees to produce documents responsive to any Request in this Subpoena, Respondent will defer producing responsive documents until the parties have met and conferred to negotiate a mutually acceptable Protective Order.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Respondent objects to the definition of "You" and "Your" to the extent it treats Joseph Fleming, Straife LLC ("Straife"), and Hyperfocal Communications LLC ("Hyperfocal") (collectively, the "Subpoena Recipients") as interchangeable and contends that documents in the possession, custody, or control of any one Subpoena Recipient are in the possession, custody, or control of all three Subpoena Recipients.  To the extent Respondent produces any documents in

3

response to any Request in this Subpoena, such production will consist of responsive, non-privileged documents within Respondent's possession, custody and control that are not subject to any of Respondent's objections thereto. Respondent further objects to the extent the Definition purports to define documents in the possession of Fleming or Straife "partners, agents, officers, directors, employees, shareholders, affiliates, or representatives, and any other Persons acting or purporting to act on behalf of [Straife and Hyperfocal]" to be within Respondent Hyperfocal's possession, custody and control. All Subpoena Recipients further object to the Definition's inclusion of any individuals formerly associated with either Straife or Hyperfocal as falling within the possession, custody, or control of any of the Subpoena Recipients. All Subpoena Recipients further object to the Definition's purported inclusion of documents in the possession of "agents," "representatives," "affiliates," "directors," "shareholders," "partners," or "any other Persons acting or purporting to act on behalf of [the Subpoena Recipients]" as being within any of the Subpoena Recipients' possession, custody or control, or purports to impose an obligation on the Subpoena Recipients to obtain documents in the possession of such individuals to respond to this Subpoena. To the extent the Definition purports to impose an obligation on Respondent to obtain documents from third parties, it is unduly burdensome, not proportionate to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and seeks to impose obligations beyond what is required under the Federal Rules.

2.    Respondent objects to Instruction No. 4's instruction to produce documents in "Your" possession, custody, or control for the same reasons stated in Respondent's Objection to the definition of "You" and "Your" above. Respondent further objects to the Instruction's direction to produce documents in the possession, custody or control of "present or former agents, representatives, external consultants, and attorneys," because such documents are not in

4

Respondent's possession, custody or control, and because this Instruction purports to impose obligations on Respondent to obtain documents from third-parties that is unduly burdensome, not proportionate to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and beyond the scope of discovery permitted under the Federal Rules. Respondent further objects to the instruction to provide information about documents that are no longer in Respondent's possession, custody, or control, because this aspect of the Instruction seeks information not required to be provided by the Federal Rules of Civil Procedure, is unduly burdensome and calls for the provision of information not within Respondent's personal knowledge.

3.     Respondent objects to Instruction No. 9 to the extent it calls for information that is no longer within Respondent's possession, custody and control and is not within Respondent's personal knowledge as seeking information not required under the Federal Rules of Civil Procedure.

**SPECIFIC OBJECTIONS AND RESPONSES**

**Request No. 1.** All Documents and Communications that relate to the Report, the Letter, or any part of their content. This includes, but is not limited to (a) any drafts; (b) Communications about final or draft versions; (c) Documents and Communications regarding any of the content or subject matter of the Report or Letter; (d) Communications about that content or subject matter with alleged sources of information for it (including but not limited to the "sources" identified throughout the Report and the "former U.S. law enforcement and intelligence community experts" identified in the Letter); and (e) Documents and Communications about decisions to include allegations regarding each entity named in the Report or Letter, including Petitioner, Komil Allamjonov, Uktam Aripov, Corey Lewandowski, Dmitry Li, Akmal Mamarkhimov, Stephen Payne, Rick Perry, Mike Pompeo, and Worldwide Strategic Partners.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation. Petitioner's U.K. claims involve

5

pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants"). ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12. Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign." ECF No. 5, Declaration of Nigel Tait ¶ 14. The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner. As stated below, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondents' objections. But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K. Instead, it seeks "All Documents and Communications that relate to" the Report and Letter that were allegedly sent to Uzbekistan's Ambassador to the United States, without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and

6

speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

Respondent further objects that subpart (e) of the Request is additionally overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks documents and communications about statements in the Report and Letter concerning numerous individuals other

7

than Petitioner, and Petitioner has not articulated any basis to pursue claims for libel on the basis of statements concerning individuals other than the Petitioner.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 2.** All Documents and Communications that refer to or relate to Petitioner, Gor Investment Limited, or Uktam Aripov. This specifically includes, without limitation, any other reports or letters about them, and any Communications about them within or among Respondents or with United Cement Group, Denis Trusevich, Ulugbek Shadmanov, Stephen Akard, Stephen Payne, Logan Somera, Linden Energy, Linden Strategies, American LNG Services, Linden Energy Holdings, Linden Government Solutions, Team Eagle LLC, Bose McKinney & Evans LLP, Bose Public Affairs Group LLC, or their respective officers, directors, agents, employees, or representatives.

**RESPONSE**:

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated below, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after

8

a reasonable search and subject to Respondent's objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate to Petitioner, Gor Investment Limited, or Uktam Aripov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States.  Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts.  *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation.  Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5,

9

Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

Respondent further objects that the Request is additionally overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks communications with numerous individuals—United Cement Group, Denis Trusevich, Ulugbek Shadmanov, Stephen Akard, Stephen Payne, Logan Somera, Linden Energy, Linden Strategies, American LNG Services, Linden Energy Holdings, Linden Government Solutions, Team Eagle LLC, Bose McKinney & Evans LLP, Bose Public Affairs Group LLC—many of whom appear to be United States Persons, and without any articulation of any nexus between such Persons and the U.K.

For the reasons stated in these Objections, Respondent will not produce documents responsive to this Request.

**Request No. 3.** All Documents and Communications exchanged with, or relating to, *The London Post*, 2Trom Media Group, Viktor Tokarev, Moscow Media Group, Radha Sterling, IPEX (Interpol and Extradition) Reform, Detained in Dubai, Due Process International, Kristian Lasslett, Thomas Rowley, or any officers, directors, employees, agents, or representatives of these organizations or individuals, that relate to: Petitioner, Gor Investment Limited, Uktam Aripov, Ulugbek Shadmanov, United Cement Group, or their respective officers, directors, employees, agents, or representatives.

**RESPONSE**:

Respondent will produce non-privileged, responsive documents within Respondent's possession, custody or control, subject to agreement on a Protective Order concerning documents produced in this matter, and will endeavor in good faith to make its production by April 20, 2026.

**Request No. 4.**  All Documents and Communications that relate to any articles, blog posts, online content, web sites, letters, investigation summaries, or reports regarding Petitioner, Uktam Aripov, or Gor Investment Limited, including but not limited to any efforts to get such items published, posted, or otherwise disseminated.

**RESPONSE:**

Respondent objects that the Request for "any" articles, blog posts, online content, websites, letters, investigation summaries, or reports—including historical content generated prior to any alleged misconduct involving Respondent, and without any nexus to any actual or attempted publication of such material in the U.K. or by the U.K. Libel Defendants—is vague, overbroad, unduly burdensome, and not proportional to the needs of the case, and seeks information that is not relevant to the claims in the U.K. litigation.  Respondent will construe this request as seeking Documents and Communications relating to any involvement by Respondents in the publication or attempted publication of articles, blog posts, or online content in the U.K. regarding Petitioner, Gor Investment Limited, or Uktam Aripov.  Respondent further objects to the Request for production of Documents and Communications that relate to "letters, investigation summaries, or reports," including the Report and Letter, for the same reasons stated in Respondent's Objection to Request No. 1, and will not produce documents or communications in response to this Request relating to the Report or Letter, or to any other letters, investigation summaries, or reports, that were not disseminated to publications or publishers in the U.K.

Subject to the foregoing objections, Respondent will produce non-privileged, responsive documents within Respondent's possession, custody or control, subject to agreement on a

11

Protective Order concerning documents produced in this matter, and will endeavor in good faith to make its production by April 20, 2026

**Request No. 5.**  All Documents and Communications that refer to or relate to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondents' objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate

12

to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any alleged conduct occurring within the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States.  Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts.  *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation.  Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K.  *Id*. at ¶ 18.

13

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025.   Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 6.**   All Documents and Communications related to (a) any monetary compensation or payments of anything of value (including but not limited to cryptocurrency) offered to, promised to, or received by You or any other person or entity for activities that relate to Petitioner, Gor Investment Limited, or Uktam Aripov, or (b) any contracts or agreements with anyone that encompass activities related to Petitioner, Gor Investment Limited, or Uktam Aripov.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.   Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").   ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.   Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign." ECF No. 5, Declaration of Nigel Tait ¶ 14.   The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov,

14

an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondent's objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications related to" any alleged contracts, agreements, or compensation entered into or received by Respondent "that encompass activities related to Petitioner, Gor Investment Limited, or Uktam Aripov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any conduct occurring in or directed at the U.K.  Nor is the request limited to contracts, agreements, or compensation entered into with, or received from, Persons located in the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States.  Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts.  *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

15

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 7.** All Documents and Communications that refer to or relate to United Cement Group or Ulugbek Shadmanov. This specifically includes, but not limited to, Documents and Communications that show when Respondents began working for, with, or for the benefit of United Cement Group or Shadmanov, the circumstances under which Respondents began doing so, the nature of this work, and the content of and participants in any communications related to the commencement or execution of this work, including but not limited to communications with Alisher Kadirov about this topic.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation. Petitioner's U.K. claims involve

16

pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondent's objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate to United Cement Group or Ulugbek Shadmanov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any alleged conduct occurring within the U.K. or individuals allegedly located within the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and

speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

18

DATED: March 20, 2026

Respectfully submitted,

**STEPTOE LLP**

*/s/ Craig Smyser*
Craig Smyser
Attorney-in-Charge
State Bar No. 18777575
SDTX Bar No. 848

David Isaak
State Bar No. 24012887
SDTX Bar No. 26694

Rachael Cox
State Bar No. 24137347
SDTX Bar No. 3881153

717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone: 713.221.2330
Facsimile:  713.221.2320
csmyser@steptoe.com
disaak@steptoe.com
rcox@steptoe.com

**ATTORNEYS FOR RESPONDENTS
STRAIFE, LLC, HYPERFOCAL
COMMUNICATONS,  LLC
AND JOSEPH P. FLEMING**

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, the foregoing document was served via electronic mail on counsel of record in this action.

*/s/ Craig Smyser*
Craig Smyser

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE APPLICATION OF OVIK MKRTCHYAN FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 § 1782 | Case No. 4:25-mc-01950 Hon. Judge Drew B. Tipton |
| OVIK MKRTCHYAN, | |
| Petitioner, | |
| v. | |
| STRAIFE, LLC; HYPERFOCAL COMMUNICATIONS, LLC, JOSEPH P. FLEMING | |
| Respondents. | |

**RESPONSES AND OBJECTIONS TO PETITIONER OVIK MKRTCHYAN'S
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES TO RESPONDENT STRAIFE, LLC**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and any applicable

Local Rules of the United States District Court for the Southern District of Texas, Respondent

Straife, LLC ("Respondent"), through the undersigned counsel, hereby responds and objects to the

Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises

issued pursuant to 28 U.S.C. § 1782 ("Subpoena").

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

In providing Objections and Responses to the Subpoena, Respondent does not in any way

waive or intend to waive, but rather intends to preserve and is preserving:

1

1.      All objections as to competency, relevance, materiality and admissibility of Petitioner's Subpoena, Respondent's Objections and Responses thereto, and their subject matter, in any proceeding, including Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025.

2.      All rights to object on any available ground to the use of the requested information or subject matter at any proceeding, including Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025, or in any other action or proceeding.

3.      All rights to object on any available ground to any further interrogatory, request for production, deposition question, or any other discovery request involving or relating to the subject matter of the Requests for Production in this Subpoena.

4.      Any and all privileges or rights under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable statutes, rules, orders, or the common law.

5.      Respondent does not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization that is contained in this Subpoena. No Response or Objection made herein, or lack thereof, should be deemed to be an admission by Respondent as to the accuracy or truth of any "fact" that is either asserted or assumed by any Request in the Subpoena. No factual predicate for any Request propounded in the Subpoena is admitted.

6.      Respondent objects to producing any documents, communications, or information, protected by the attorney-client privilege, work-product doctrine, common interest/joint defense privilege, or any other applicable legal protection. To the extent any such privileged or protected

2

information is inadvertently disclosed or produced, such disclosure shall not constitute or be deemed a waiver of any privilege or protection, either as to the specific information disclosed or as to any related subject matter, in this proceeding, any other federal or state proceeding, or proceeding in a foreign jurisdiction. If Respondent discovers that privileged or protected information has been inadvertently disclosed, Respondent will promptly notify the receiving party and request the return or destruction of such information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Upon such notification, the receiving party shall promptly return or destroy the specified information and all copies, and shall not use or disclose the information unless permitted to do so by order of this Court.

7.    Respondent objects to the production of any documents or electronically stored information unless such production adheres to the conditions set forth in an appropriate Protective Order entered in this proceeding, which will be intended to safeguard confidential, proprietary, or sensitive information, including information protected by the attorney-client privilege, work-product doctrine, common interest/joint defense privilege, or any other applicable protection. To the extent Respondent agrees to produce documents responsive to any Request in this Subpoena, Respondent will defer producing responsive documents until the parties have met and conferred to negotiate a mutually acceptable Protective Order.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

1.    Respondent objects to the definition of "You" and "Your" to the extent it treats Joseph Fleming, Straife LLC ("Straife"), and Hyperfocal Communications LLC ("Hyperfocal") (collectively, the "Subpoena Recipients") as interchangeable and contends that documents in the possession, custody, or control of any one Subpoena Recipient are in the possession, custody, or control of all three Subpoena Recipients. To the extent Respondent produces any documents in

3

response to any Request in this Subpoena, such production will consist of responsive, non-privileged documents within Respondent's possession, custody and control that are not subject to any of Respondent's objections thereto. Respondent further objects to the extent the Definition purports to define documents in the possession of Fleming's or Hyperfocal's "partners, agents, officers, directors, employees, shareholders, affiliates, or representatives, and any other Persons acting or purporting to act on behalf of [Straife and Hyperfocal]" to be within Respondent Straife's possession, custody and control. All Subpoena Recipients further object to the Definition's inclusion of any individuals formerly associated with either Straife or Hyperfocal as falling within the possession, custody, or control of any of the Subpoena Recipients. All Subpoena Recipients further object to the Definition's purported inclusion of documents in the possession of "agents," "representatives," "affiliates," "directors," "shareholders," "partners," or "any other Persons acting or purporting to act on behalf of [the Subpoena Recipients]" as being within any of the Subpoena Recipients' possession, custody or control, or purports to impose an obligation on the Subpoena Recipients to obtain documents in the possession of such individuals to respond to this Subpoena. To the extent the Definition purports to impose an obligation on Respondent to obtain documents from third parties, it is unduly burdensome, not proportionate to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and seeks to impose obligations beyond what is required under the Federal Rules.

2.      Respondent objects to Instruction No. 4's instruction to produce documents in "Your" possession, custody, or control for the same reasons stated in Respondent's Objection to the definition of "You" and "Your" above. Respondent further objects to the Instruction's direction to produce documents in the possession, custody or control of "present or former agents, representatives, external consultants, and attorneys," because such documents are not in

4

Respondent's possession, custody or control, and because this Instruction purports to impose obligations on Respondent to obtain documents from third-parties that is unduly burdensome, not proportionate to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and beyond the scope of discovery permitted under the Federal Rules. Respondent further objects to the instruction to provide information about documents that are no longer in Respondent's possession, custody, or control, because this aspect of the Instruction seeks information not required to be provided by the Federal Rules of Civil Procedure, is unduly burdensome and calls for the provision of information not within Respondent's personal knowledge.

3.      Respondent objects to Instruction No. 9 to the extent it calls for information that is no longer within Respondent's possession, custody and control and is not within Respondent's personal knowledge as seeking information not required under the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1.** All Documents and Communications that relate to the Report, the Letter, or any part of their content. This includes, but is not limited to (a) any drafts; (b) Communications about final or draft versions; (c) Documents and Communications regarding any of the content or subject matter of the Report or Letter; (d) Communications about that content or subject matter with alleged sources of information for it (including but not limited to the "sources" identified throughout the Report and the "former U.S. law enforcement and intelligence community experts" identified in the Letter); and (e) Documents and Communications about decisions to include allegations regarding each entity named in the Report or Letter, including Petitioner, Komil Allamjonov, Uktam Aripov, Corey Lewandowski, Dmitry Li, Akmal Mamarkhimov, Stephen Payne, Rick Perry, Mike Pompeo, and Worldwide Strategic Partners.

### RESPONSE:

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation. Petitioner's U.K. claims involve

pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated below, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondents' objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that relate to" the Report and Letter that were allegedly sent to Uzbekistan's Ambassador to the United States, without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and

6

speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

Respondent further objects that subpart (e) of the Request is additionally overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks documents and communications about statements in the Report and Letter concerning numerous individuals other

7

than Petitioner, and Petitioner has not articulated any basis to pursue claims for libel on the basis of statements concerning individuals other than the Petitioner.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 2.** All Documents and Communications that refer to or relate to Petitioner, Gor Investment Limited, or Uktam Aripov. This specifically includes, without limitation, any other reports or letters about them, and any Communications about them within or among Respondents or with United Cement Group, Denis Trusevich, Ulugbek Shadmanov, Stephen Akard, Stephen Payne, Logan Somera, Linden Energy, Linden Strategies, American LNG Services, Linden Energy Holdings, Linden Government Solutions, Team Eagle LLC, Bose McKinney & Evans LLP, Bose Public Affairs Group LLC, or their respective officers, directors, agents, employees, or representatives.

**RESPONSE**:

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign." ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated below, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after

8

a reasonable search and subject to Respondent's objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate to Petitioner, Gor Investment Limited, or Uktam Aripov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K.  As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States.  Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts.  *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation.  Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5,

9

Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

Respondent further objects that the Request is additionally overbroad, unduly burdensome, and not proportional to the needs of the case, in that it seeks communications with numerous individuals—United Cement Group, Denis Trusevich, Ulugbek Shadmanov, Stephen Akard, Stephen Payne, Logan Somera, Linden Energy, Linden Strategies, American LNG Services, Linden Energy Holdings, Linden Government Solutions, Team Eagle LLC, Bose McKinney & Evans LLP, Bose Public Affairs Group LLC—many of whom appear to be United States Persons, and without any articulation of any nexus between such Persons and the U.K.

For the reasons stated in these Objections, Respondent will not produce documents responsive to this Request.

**Request No. 3.** All Documents and Communications exchanged with, or relating to, *The London Post*, 2Trom Media Group, Viktor Tokarev, Moscow Media Group, Radha Sterling, IPEX (Interpol and Extradition) Reform, Detained in Dubai, Due Process International, Kristian Lasslett, Thomas Rowley, or any officers, directors, employees, agents, or representatives of these organizations or individuals, that relate to: Petitioner, Gor Investment Limited, Uktam Aripov, Ulugbek Shadmanov, United Cement Group, or their respective officers, directors, employees, agents, or representatives.

**RESPONSE**:

Respondent will produce non-privileged, responsive documents within Respondent's possession, custody or control, subject to agreement on a Protective Order concerning documents produced in this matter, and will endeavor in good faith to make its production by April 20, 2026.

**Request No. 4.**  All Documents and Communications that relate to any articles, blog posts, online content, web sites, letters, investigation summaries, or reports regarding Petitioner, Uktam Aripov, or Gor Investment Limited, including but not limited to any efforts to get such items published, posted, or otherwise disseminated.

**RESPONSE:**

Respondent objects that the Request for "any" articles, blog posts, online content, websites, letters, investigation summaries, or reports—including historical content generated prior to any alleged misconduct involving Respondent, and without any nexus to any actual or attempted publication of such material in the U.K. or by the U.K. Libel Defendants—is vague, overbroad, unduly burdensome, and not proportional to the needs of the case, and seeks information that is not relevant to the claims in the U.K. litigation.  Respondent will construe this request as seeking Documents and Communications relating to any involvement by Respondents in the publication or attempted publication of articles, blog posts, or online content in the U.K. regarding Petitioner, Gor Investment Limited, or Uktam Aripov.  Respondent further objects to the Request for production of Documents and Communications that relate to "letters, investigation summaries, or reports," including the Report and Letter, for the same reasons stated in Respondent's Objection to Request No. 1, and will not produce documents or communications in response to this Request relating to the Report or Letter, or to any other letters, investigation summaries, or reports, that were not disseminated to publications or publishers in the U.K.

Subject to the foregoing objections, Respondent will produce non-privileged, responsive documents within Respondent's possession, custody or control, subject to agreement on a

11

Protective Order concerning documents produced in this matter, and will endeavor in good faith to make its production by April 20, 2026

**Request No. 5.**  All Documents and Communications that refer to or relate to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.  Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").  ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.  Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."  ECF No. 5, Declaration of Nigel Tait ¶ 14.  The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner.  As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondents' objections.  But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K.  Instead, it seeks "All Documents and Communications that refer to or relate

12

to Petitioner's detention in Uzbekistan, plans to detain Petitioner and/or charge Petitioner with crimes, or a desire to detain Petitioner and/or charge Petitioner with crimes," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any alleged conduct occurring within the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

13

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025.   Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 6.**   All Documents and Communications related to (a) any monetary compensation or payments of anything of value (including but not limited to cryptocurrency) offered to, promised to, or received by You or any other person or entity for activities that relate to Petitioner, Gor Investment Limited, or Uktam Aripov, or (b) any contracts or agreements with anyone that encompass activities related to Petitioner, Gor Investment Limited, or Uktam Aripov.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation.   Petitioner's U.K. claims involve pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants").   ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12.   Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign."   ECF No. 5, Declaration of Nigel Tait ¶ 14.   The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov,

14

an associate of Petitioner. As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondent's objections. But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K. Instead, it seeks "All Documents and Communications related to" any alleged contracts, agreements, or compensation entered into or received by Respondent "that encompass activities related to Petitioner, Gor Investment Limited, or Uktam Aripov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any conduct occurring in or directed at the U.K. Nor is the request limited to contracts, agreements, or compensation entered into with, or received from, Persons located in the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims nor the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

15

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

**Request No. 7.** All Documents and Communications that refer to or relate to United Cement Group or Ulugbek Shadmanov. This specifically includes, but not limited to, Documents and Communications that show when Respondents began working for, with, or for the benefit of United Cement Group or Shadmanov, the circumstances under which Respondents began doing so, the nature of this work, and the content of and participants in any communications related to the commencement or execution of this work, including but not limited to communications with Alisher Kadirov about this topic.

**RESPONSE:**

Respondent objects that the request is overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), in that it seeks information that is not relevant to Petitioner's claims in the U.K. litigation. Petitioner's U.K. claims involve

16

pending actions for libel against two groups of defendants (the "London Post Defendants" and Defendant Stirling, and collectively, the "U.K. Libel Defendants"). ECF No. 5, Declaration of Nigel Tait ¶¶ 9-12. Petitioner also claims to be contemplating "further claims in respect of additional defendants who caused the publications in the London Post Proceedings and the Stirling Proceedings to be published, and/or caused, participated in or authorized the publication of any other publications forming part of the campaign." ECF No. 5, Declaration of Nigel Tait ¶ 14. The Subpoena includes two other requests, Request Nos. 3 and 4, that seek documents and communications relating to the U.K. Libel Defendants, and to the publication or efforts to publish content concerning Petitioner, Petitioner's company. Gor Investment Limited, and Uktam Aripov, an associate of Petitioner. As stated above, Respondent will produce non-privileged documents responsive to Request Nos. 3 and 4 in Respondent's possession, custody and control located after a reasonable search and subject to Respondent's objections. But in contrast to Request Nos. 3 and 4, the instant Request does not seek communications with, or documents disseminated to or otherwise relating to, the U.K. Libel Defendants, or to any other publisher or publication about Petitioner in the U.K. Instead, it seeks "All Documents and Communications that refer to or relate to United Cement Group or Ulugbek Shadmanov," without any nexus to the U.K. Libel Defendants or to any publication of such material in the U.K., or to any alleged conduct occurring within the U.K. or individuals allegedly located within the U.K. As such, the Request seeks the production of documents that are not relevant to Petitioner's pending libel claims in the U.K. litigation, or to any contemplated libel claims against additional, unspecified individuals in the U.K.

To the extent Petitioner contends that documents responsive to this Request are potentially relevant to additional, unspecified "contemplated" claims in the U.K., such claims, as described in the Tait Declaration and in Petitioners' other filings in this proceeding, are too vague and

17

speculative to permit the broad discovery sought from Respondent in the United States. Neither these "contemplated" claims the instant Request are supported by any concrete or specifically articulated nexus to the U.K. or to any individual likely to be subject to jurisdiction of the U.K. courts. *See* ECF No. 5, Declaration of Nigel Tait ¶ 21 (noting the "significant jurisdictional obstacles to bringing claims in England and Wales against defendants domiciled outside England in the United States, particularly in actions for libel").

Additionally, to the extent Petitioner's "contemplated" claims in the U.K. involve a suspected link between publications by the U.K. Libel Defendants and other unspecified and unknown individuals, Petitioner may seek discovery concerning those such alleged connections from the U.K. Libel Defendants, who are subject to discovery in the U.K. litigation. Despite allegedly initiating the U.K. litigation approximately one year ago in April 2025, ECF No. 5, Declaration of Nigel Tait ¶ 8, Petitioner to date has not identified any specific individuals who it contemplates adding as "additional defendants in the pending proceedings" in the U.K. *Id*. at ¶ 18.

Instead, the instant Request seeks information relating to its claims asserted against Respondent in Petitioner's lawsuit filed in the United States District Court for the District of Columbia, *Gor Investment Ltd., et al. v. Straife LLC, et al.*, Civil Action No. 1:25-CV-04506, filed on December 26, 2025. Accordingly, Respondent further objects that the Request is an inappropriate attempt to circumvent limitations or schedule on discovery in the United States litigation, and to subject Respondent to unduly burdensome and duplicative discovery.

For the reasons stated in these objections, Respondent will not produce documents responsive to this Request.

DATED: March 20, 2026                    Respectfully submitted,

**STEPTOE LLP**

*/s/ Craig Smyser*
Craig Smyser
Attorney-in-Charge
State Bar No. 18777575
SDTX Bar No. 848

David Isaak
State Bar No. 24012887
SDTX Bar No. 26694

Rachael Cox
State Bar No. 24137347
SDTX Bar No. 3881153

717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone: 713.221.2330
Facsimile:  713.221.2320
csmyser@steptoe.com
disaak@steptoe.com
rcox@steptoe.com

**ATTORNEYS FOR RESPONDENTS
STRAIFE, LLC, HYPERFOCAL
COMMUNICATONS,  LLC
AND JOSEPH P. FLEMING**

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, the foregoing document was served via electronic mail on counsel of record in this action.

*/s/ Craig Smyser*
Craig Smyser

19